UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-20331-JLK

H.S., a minor, by and through her
Parents, natural guardians and next
Friends, R.S. and L.S.,

    Plaintiffs,

vs.

CARNIVAL CORPORATION,
A Panamanian Corporation,
MAX HARMON, an Ohio Resident,
And JODEE C. EDWARDS, an
Ohio Resident,

    Defendants.
_____/

## **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Carnival Corporation ("Carnival") moves to dismiss, and states:

## **Introduction**

Plaintiff, a then 14 year old, cruised with her parents onboard the Carnival *Pride*. During her cruise, Plaintiff attended activities in the teen nightclub where she met two other minors. At some point, Plaintiff voluntarily left the teen nightclub as she was free to do and consensually returned to the cabin of one of the minors. Plaintiff alleges that she was given alcohol in the cabin, and ultimately sexually assaulted. Plaintiff claims that Carnival is liable for her injuries.

Plaintiff's negligence claim sounding in negligent security fails as a matter of law as there are no allegations of anything untoward occurring in the teen nightclub or in any public areas of the vessel. Instead, Plaintiff contends that she left the teen nightclub with two other teens and voluntarily entered their cabin. Once inside, she was supposedly given alcohol from a



"concealed" supply. There are no allegations that Carnival served Plaintiff or the minors the alcohol or that any alcohol was consumed in the teen nightclub. It is clear that Carnival could not have detected, deterred, or otherwise taken steps to have prevented this alleged incident, and moreover, on the facts alleged had no duty to do so.

These same problems exist in her fraud claims. Plaintiff claims that Carnival's representatives essentially warranted the safety of the teen nightclub, but the complaint fails to allege that anything occurred in the teen nightclub at all. And Plaintiff alleges that she was given alcohol in the assailant's cabin, not in the teen nightclub. Plaintiff then contends that Carnival's website, advertising, and marketing representations are misleading regarding safety and incidents of sexual assault onboard. These statements are insufficiently particular to allege fraud. As fully explained below, Plaintiff's complaint must be dismissed.

## Memorandum of Law

1.   **Motion to dismiss standard.**

Dismissal for failure to state a claim is warranted "when it appears that the plaintiff has little or no chance of success, *i.e.*, when the complaint on its face makes clearly baseless allegations or relies on legal theories that are indisputably meritless." *Aruanno v. Martin County Sheriff*, 343 F. App'x 535, 536 (11th Cir. 2009). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face in order to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009).

2.   **Plaintiff cannot state a claim for negligence where she voluntarily entered the assailant's cabin and does not allege that she was served alcohol by Carnival.**

General maritime law applies to cases that allege torts committed aboard cruise ships sailing in navigable waters. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625

2



(1959). Under general maritime law, a shipowner owes its passengers reasonable care under the circumstances. *Id*. It is well-established that a cruise line is not liable to passengers as an insurer; there must be some failure to exercise due care before liability can be imposed. *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 64 (2d Cir. 1988). To establish negligence, the passenger has the burden to prove: (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012).

In cases sounding in negligent security, a plaintiff fails to establish proximate causation as a matter of law where there is no evidence that connects the negligent security to the perpetrator's entry into the victim's dwelling or *vice versa*. *50 State Sec. Serv., Inc. v. Giandrandi*, 132 So. 3d 1128, 1135 (Fla. Dist. Ct. App. 2013); *see also Brown v. Motel 6 Operating, LP, Ltd.*, 989 So. 2d 658 (Fla. Dist. Ct. App. 2008); *see also Roycroft v. Hammons*, 203 F. Supp. 2d 1053, 1057 (S.D. Iowa 2002) ("The concept that [the victim] knew her killer is materially inconsistent with all of the security related claims, since a familiar person would have been undetected and undeterred by security.").

Here, Plaintiff alleges she met two fellow minor passengers in the teen nightclub. [ECF No. 1 ¶¶32-34]. As the exhibits to Plaintiff's complaint make clear, there is no sign-in/sign-out policy for teens participating in Carnival's teen programs; they are free to come and go as they please.[1] [ECF No. 1-5]. The three teens left the teen nightclub and returned to a cabin voluntarily. [*Id*.]. These allegations are remarkable. There are no allegations that anything

---

[1] There is no sign-in/sign-out policy for minors over the age of 12. [ECF No. 1-5]. Plaintiff's mother allegedly found the younger programs for children "unsuitable" for Plaintiff as she was 14 years and 10 months old. [ECF No. 1 ¶26].

3

MASELARA
TRIAL LAWYERS

improper occurred at the teen nightclub such that Carnival would have been on notice of a potential problem. Plaintiff's theory of negligence would require Carnival to be omniscient.

Plaintiff's alcohol-related allegations are a red herring. First, negligence based on a supposed improper or over-service of alcohol necessarily requires that the cruise line served the alcohol to the plaintiff. *Hall v. Royal Caribbean Cruises, Ltd.*, 888 So. 2d 654 (Fla. Dist. Ct. App. 2004). There are no allegations that Carnival served Plaintiff or the two minor assailants. There are no allegations that any of the parties involved drank alcohol in the teen nightclub or in the public areas of the vessel. Indeed, Plaintiff has specifically brought negligent entrustment and negligent supervision claims against one of the assailant's adult brother and mother necessarily proving that they were the alleged source of alcohol, not Carnival. [ECF No. 1, p. 29-37]. Carnival was not negligent in this case, nor is it alleged in the complaint to have been so. In sum, Plaintiff's negligence claim against Carnival fails as a matter of law.

**3.     Plaintiff's fraud in the inducement and fraudulent concealment claims fail as a matter of law.**

Plaintiff's two fraud claims against Carnival, fraud in the inducement and fraudulent concealment, likewise fail as a matter of law. To properly plead a fraud claim, Plaintiff must allege: "(1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation." *Alvarez v. Royal Caribbean Cruises Ltd.*, 905 F. Supp. 2d 1334, 1342 (S.D. Fla. 2012). It is well-established that a fraud claim must be pled with sufficient particularity under Rule 9. *Id*. "The 'particularity' requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *West Coast Roofing & Waterproofing, Inc. v.*

*Johns Manvilie, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) (citations omitted). "When a plaintiff does not specifically plead the minimum elements of their allegation, it enables them to learn the complaint's bare essentials through discovery and may needlessly harm a defendant's goodwill and reputation by bringing a suit that is, at best, missing some of its core underpinnings, and, at worst, [grounded on] baseless allegations used to extract settlements." *Gayou v. Celebrity Cruises, Inc.*, 2012 WL 2049431, *3 (S.D. Fla. 2012).

Plaintiff's fraud claims are grounded in two broad categories of supposedly fraudulent representations. None of these representations support such a claim. First, Plaintiff alleges that she and her parents were fraudulently induced to cruise because Carnival made representations on its website, written materials, and through the teen nightclub director that the teen program was "age appropriate, professionally supervised, and safe." [ECF No. 1 ¶25, 27]. Plaintiff also alleges representations were made that the teen nightclub was alcohol-free, and that Carnival would ensure that no "unruly behavior" occurred. [ECF No. 1 ¶48]. Again, there are no allegations in the complaint that the teen nightclub was anything other than age appropriate, professionally supervised, and safe. She likewise fails to allege any alcohol was consumed in the teen nightclub or that any "unruly behavior" occurred.[2] Indeed, Plaintiff's entire theory of liable hinges on supposedly improper conduct occurring once she and the assailant's left the teen nightclub.

Second, Plaintiff alleges a fraudulent concealment because Carnival supposedly "knew that sexual assault and harassment, both against its passengers in general and minor passengers in particular, was a serious and recurring problem" and that Carnival "knowingly and

---

[2] The Youth Program Registration form indicates that "unruly behavior" includes "biting, fighting, hitting, throwing, kicking, foul language, verbal or physical bullying, [or] bringing or consuming alcohol & tobacco." [ECF No. 1-5]. Of course, none of this was alleged to have occurred here.

5



deliberately concealed the true risk and incidence of sexual assault[.]" [ECF No. 1 ¶61, 62]. Plaintiff's claim does not meet the particularity requirement to plead fraud on this basis, and the supposed risk is simply the generalized risk of crime on the ship. *Burdeaux v. Royal Caribbean Cruises, Ltd.*, 2012 WL 3202948, *6 (S.D. Fla. Aug. 3, 2012) *aff'd* 562 F. App'x 932 (11th Cir. 2012). Plaintiff alleges that Carnival "marketing campaigns" and "other representations" falsely state that cruising is "safe" and that sexual assault was "uncommon[.]" [*Id.*]. Plaintiff also claims that Carnival makes these same representations through a trade organization. [ECF No. 1 ¶61, 63].

Plaintiff does not identify these supposed representations in any detail, nor when and how they were made, and the substance of them—safety—is non-specific. *Heyden v. Celebrity Cruises, Inc.*, 2013 WL 773477, *5 (S.D. Fla. Feb. 28, 2013) (dismissing misrepresentation claim where cruise line stated that a shore excursion was the "finest" and with "great care" and "you're in good hands."); *McLaren v. Celebrity Cruises, Inc.*, 2012 WL 1792632 (S.D. Fla. May 16, 2012). Statements mentioning that cruising is "safe" are undoubtedly non-actionable sales talk and puffery. *Alvarez*, 905 F. Supp. 2d at 1342. Indeed, the policy underlying the heightened pleading requirements for fraud seeks to prevent these very types of claims from advancing beyond this stage of litigation. Plaintiff attempts to portray Carnival (and all the other cruise lines) as engaging in "a coordinated disinformation campaign concerning the true risks" of cruising. [ECF No. 1 ¶63]. These are serious allegations, but Plaintiff fails to support them with the requisite detail. Plaintiff's fraud claims should be dismissed.

4.     **Plaintiff cannot pursue punitive damages on her negligence claim.**[3]

Plaintiff cannot pursue punitive damages based on her negligence claim. Under general maritime law, the Eleventh Circuit has defined the circumstances and scope under which passengers can recover punitive damages in a personal injury action. *In re Amtrak*, 121 F. 3d at 1421. Passengers can recover punitive damages only after a showing of intentional misconduct. *Amtrak*, 121 F.3d at 1428.

*Amtrak* involved a train derailment caused by a collision with a vessel, which resulted in deaths over state territorial waters. The district court held that Alabama's wrongful death law permitting punitive damages on a finding of negligence could supplement those damages allowed under maritime law. The Eleventh Circuit reversed, finding that application of Alabama's wrongful death statute conflicted with general maritime law. Specifically, the *Amtrak* court found:

> personal injury claimants have no claim for nonpecuniary damages such as a loss of society, loss of consortium or punitive damages, except in exceptional circumstances such as . . . [the] very rare situations of intentional wrongdoing. We are aware of no decision in the Supreme Court or in any of the circuit courts which has authorized punitive damages in a personal injury case.

*Id*. (extending its holding in *Lollie v. Brown Marine Serv. Inc.*, 1993 AMC 2947, 995 F. 2d 1565 (11th Cir. 1993). The *Amtrak* decision defines the standard for the recovery of punitive damages for passenger personal injury cases by requiring a finding of intentional wrongdoing.

The Supreme Court's decision in *Atl. Sounding v. Townsend*, 129 S. Ct. 2561 (2009), involving the narrow issue of seamen's entitlement to punitive damages for a vessel owner's failure to pay maintenance and cure, does nothing to change the binding nature of *Amtrak*. Nor

---

[3] Plaintiff seeks punitive damages under her fraud claims against Carnival, but they should be dismissed as explained in this motion to dismiss.

MASELARA
TRIAL LAWYERS

does *Atlantic Sounding* address the standard for the recovery of punitive damages for passenger personal injury claims under general maritime law.

In *Atl. Sounding*, a seaman sought to recover punitive damages against a shipowner for an alleged arbitrary and willful failure to pay maintenance and cure. *Atl. Sounding*, 557 U.S. at 408. Without mentioning *Amtrak*, the Eleventh Circuit Court relied on its prior decision in *Hines v. J.A. LaPorte, Inc*., 820 F.2d 1187, 1189 (11th Cir. 1987), to hold that punitive damages were available in an action for maintenance and cure. *Atl. Sounding*, 557 U.S. at 408. The Supreme Court affirmed that decision. *Id*. The Court noted that punitive damages had long been available to a seaman for a maintenance and cure claim, and that nothing in the Jones Act or any other statute changed that. *Id*.

The *Atl. Sounding* decision does not overrule the Eleventh Circuit's opinion in *Amtrak*, especially since the Eleventh Circuit authored both *Amtrak* and the underlying appellate opinion in *Atl. Sounding*. *See also Norwegian Cruise Lines, Ltd. v. Zareno*, 712 So. 2d 791, 794 (Fla. Dist. Ct. App. 1998) (allowing punitive damages in the maintenance and cure context by following *Amtrak* based on Eleventh Circuit's prior opinion in *Hines*). The Supreme Court addresses only the availability of punitive damages in the maintenance and cure context—the only issue before it. As such, it provides no basis for this Court to depart from the binding rule in this Circuit that punitive damages for passenger personal injury claims in maritime law are available only upon a showing of intentional conduct. Further, the *en banc* Fifth Circuit recently reaffirmed that general maritime law does not allow for the recovery of punitive damages post-*Atl. Sounding*. *See McBride v. Estis Well Service, L.L.C*., 768 F.3d 382 (5th Cir. 2014). Punitive damages are unavailable to Plaintiff as a matter of law

Even assuming Plaintiff could pursue punitive damages as a matter of law, she has not sufficiently pled entitlement to such damages. Plaintiff pleads a typical negligence claim against Carnival; this is insufficient to support punitive damages. The "character of negligence necessary to sustain an award of punitive damages must be of 'a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects.'" *Boney v. Carnival Corp.*, 2009 WL 4039886, *2 (S.D. Fla. Nov. 20, 2009) (*quoting Chrysler Corp. v. Wolmer*, 499 So.2d 823, 824 (Fla. 1986)). There are no allegations of such wanton, willful conduct to support punitive damages under Plaintiff's negligence claim.

WHEREFORE Defendant Carnival Corporation respectfully requests this Court dismiss Plaintiff's complaint, and grant any other relief this Court deems just and proper.

Respectfully submitted,

MASE, LARA, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, Florida 33133
Telephone: (305) 377-3770
Facsimile: (305) 377-0080

By: /s/ Cameron Eubanks
CURTIS J. MASE
Florida Bar No. 478083
cmase@maselara.com
CAMERON W. EUBANKS
Florida Bar No. 85865
ceubanks@maselara.com
CHRISTINE M. DIMITRIOU
Florida Bar No. 99381
cdimitriou@maselara.com

CASE NO.: 16-CV-20331-JLK

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2016, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/     /s/ Cameron Eubanks
CAMERON EUBANKS

## SERVICE LIST

Philip M. Gerson, Esq.
Nicholas I Gerson, Esq.
Edward Schwartz, Esq.
Gerson & Schwartz, P.A.
1980 Coral Way
Miami, Florida  33145
Tel: (305) 371-6000
Fax: (305) 371-5749
pgerson@gslawusa.com
filing@gslawusa.com
ibrito@gslawusa.com
ngerson@gslawusa.com
eschwartz@gslawusa.com
*Attorneys for Plaintiffs*

18884/22