UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-20331-JLK

H.S., a minor, by and through her
Parents, natural guardians and next
Friends, R.S. and L.S.,

    Plaintiffs,

vs.

CARNIVAL CORPORATION,
A Panamanian Corporation,
MAX HARMON, an Ohio Resident,
And JODEE C. EDWARDS, an
Ohio Resident,

    Defendants.
_____/

### DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Carnival Corporation ("Carnival") replies in support of its motion to dismiss, and states:

### Argument in Reply

1.     <u>Plaintiff's negligence claim should be dismissed.</u>

Plaintiff contends that Carnival violated its own "alcohol control policies" because she alleges that codefendant Max Harmon furnished alcohol to the minor assailants or allowed them to access same. [ECF No. 12, p. 4]. But a cruise passenger does not state a negligence claim based on the cruise line's purported failure to enforce its policies and procedures where she does not allege how the policies and procedures were violated or what the cruise line should have done differently. *Rinker v. Carnival Corp.*, 753 F. Supp. 2d 1237, 1243 (S.D. Fla. 2010).



Plaintiff does not allege how Carnival violated its alcohol policies and procedures at all other than to simply state the conclusion that it did. There are no allegations that Carnival served alcohol to any of the minors involved here, there are no allegations that Carnival otherwise knew or should have known that Harmon possessed a "concealed" alcohol supply, and there are no allegations regarding how Harmon came to possess the alcohol. Plaintiff fails to plausibly allege she consumed alcohol prior to the alleged sexual assault due to Carnival's failure to exercise reasonable care. Instead, Plaintiff merely alleges that because Harmon furnished the minors with alcohol, "[t]he logical and plausible inference from these allegations" is that Carnival was negligent. [ECF No. 12, p. 4]. This type of factless pleading does not satisfy the *Twombly/Iqbal* standard.

Plaintiff's response to Carnival's motion to dismiss confirms that her allegations that Carnival knew or should have known of the potential for the alleged sexual assault based on the minors' conduct in the teen nightclub are insufficient to state a claim for negligence. Plaintiff's complaint alleges that she was "persuaded" or "invited" from the teen nightclub to the minor assailants' cabin. [ECF No. 1 ¶¶33, 56]. There is nothing remarkable about these allegations. As Plaintiff's exhibits make perfectly clear, she was permitted to come and go from the teen nightclub on her own; there was nothing unreasonable about her leaving the teen nightclub. Despite this, Plaintiff contends that Carnival failed to be "sufficiently attentive" or to "sufficiently monitor" the teens in the nightclub. Plaintiff's vague allegations do not establish how Carnival's conduct fell below the standard of care or were anything other than reasonable based on what apparently occurred in the teen nightclub. The negligence claim should be dismissed.

2. <u>Plaintiff's fraud claims should be dismissed.</u>

Plaintiff confirms that her fraudulent inducement claim is primarily grounded on "material misrepresentations" made by Carnival regarding the "management and safety of its youth programming in general and the Club O2 facility in particular." [ECF No. 12, p. 9]. But the complaint does not contain any allegations that theses alleged representations were false. Plaintiff claims that Carnival represented that its youth programming was "strictly smoke and alcohol free," that "unruly behavior" would not be permitted, the youth programs were "supervised" and "age appropriate," and that passenger had to be 21 years of age to purchase or drink alcoholic beverages." [ECF No. 12, p. 9, 10]. Again, none of these statements are alleged to be untrue or that Plaintiff was somehow misled or injured by any purported reliance on them.

Plaintiff does not allege that she or the minor assailants drank, possessed, or purchased any alcoholic beverages in the teen nightclub nor that there was alcohol (or tobacco) in the teen nightclub at all. There are no allegations of "unruly behavior" in the teen nightclub, particularly as defined by the youth programming exhibits attached to Plaintiff's complaint. Instead, Plaintiff and the minor assailants left the teen nightclub (as they were free to do) and went to a cabin. There are no allegations that the teens were "unsupervised" in the teen nightclub or that the programming was not "age appropriate." Plaintiff has not, and cannot, state a claim for fraudulent in the inducement based on the representations upon which she supposedly relies.

Turning to Plaintiff's fraudulent concealment claim, she argues that her allegations of fraud are sufficiently particular, relying on *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194 (11th Cir. 2001). *Ziemba*, a securities fraud case, holds that allegations of the defendant's fraudulent intent can be generally alleged; allegations concerning the fraudulent misrepresentations themselves must still be pled with particularity. *Id*.

Plaintiff does not particularly plead the time and place of the supposed misrepresentations regarding the safety of Carnival's vessels, when the specific statements were made upon which she and her parents supposedly relied, or when they reviewed them. *McLaren v. Celebrity Cruises, Inc.*, 2012 WL 1792632 (S.D. Fla. May 16, 2012). Further, it is undisputed that the general "cruising is safe" statements which she claims are fraudulent are non-actionable. Indeed, in *Heyden v. Celebrity Cruises, Inc.*, 2013 WL 773477 (S.D. Fla. Feb. 28, 2013), this Court dismissed a misrepresentation claim where a cruise passenger claimed that the cruise line's "shore excursion talks" misrepresented that a scooter tour was the "finest" and taken with "great care" and that the passenger was "in good hands." *Id*. The Court held that the non-specific allegations do not meet the Rule 9 pleading standard. Similarly, this Court in *Alvarez v. Royal Caribbean Cruises, Ltd.*, 905 F. Supp. 2d 1334 (S.D. Fla. 2012), dismissed a fraud claim that alleged the cruise line misrepresented the "quality of the luxury cruise vacation" as insufficiently particular. The same result should occur here. Plaintiff's fraudulent concealment claim should be dismissed.

3. <u>Plaintiff cannot pursue punitive damages in this case.</u>

Carnival's motion to dismiss Plaintiff's prayer for punitive damages as a matter of law is procedurally proper. Punitive damages can be attacked by either a motion to dismiss or a motion to strike. *Doe v. Royal Caribbean Cruises, Ltd.*, 2012 WL 4479084 (S.D. Fla. Sept. 28, 2012). Plaintiff contends that *Atl. Sounding Co., Inc. v. Townsend*, 557 U.S. 404 (2009), lessened a plaintiff's burden to just a showing of "wanton, willful, or outrageous conduct, citing *Lobegeiger v. Celebrity Cruises, Inc.*, 2011 WL 3703329 (S.D. Fla. Aug. 23, 2011) and *Doe v. Royal Caribbean Cruises*, Ltd., 2012 WL 920675 (S.D. Fla. Mar. 19, 2012). Recent cases interpreting

*Atl. Sounding* confirm that Plaintiff reads it too broadly, and her reliance on orders such as the ones issued in *Doe* and in *Lobegeiger* is misplaced.

In *Atl. Sounding*, the Supreme Court affirmed an Eleventh Circuit panel decision holding that punitive damages were available to a seaman in a maintenance and cure claim. The underlying Eleventh Circuit opinion relied on a prior panel decision, *Hines v. J.A. LaPorte, Inc.*, 820 F.2d 1187 (11th Cir. 1987), to arrive at the conclusion that punitive damages were available in the maintenance and cure context. *Atl. Sounding* did not address, limit, or otherwise recede from *In re Amtrak*. *Atl. Sounding* cannot be broadly interpreted as allowing for passengers to assert punitive damage claims based simply on willful, wanton, or outrageous conduct.

The *en banc* Fifth Circuit in *McBride v. Estis Well Serv., LLC*, 768 F.3d 382 (5th Cir. 2014), recently confirmed that the *Atl. Sounding* decision applied only in the maintenance and cure context, and did not otherwise expand the scope of punitive damages allowable under general maritime law. The *McBride* court determined that a seaman could not recover punitive damages pursuant to the Jones Act or an unseaworthiness claim despite *Atl. Sounding*. *McBride* noted that the *Atl. Sounding* court was careful to distinguish maintenance and cure claims from others arising under general maritime law; the opinion could not be broadly applied. Other Courts within this District have also narrowly applied *Atl. Sounding* and maintained the intentional misconduct standard. *Terry v. Carnival Corp.*, 3 F. Supp. 3d 1363, 1371-72 (S.D. Fla. 2014); *Crusan v. Carnival Corp.*, 13-cv-20592 (S.D. Fla. Feb. 24, 2015); *Bonnell v. Carnival Corp.*, 13-cv-22265 (S.D. Fla. Oct. 23, 2014). This Court should follow these orders. In sum, the intentional misconduct standard still defines the scope of punitive damages available to cruise passengers after *Atl. Sounding*. Plaintiff's allegations of negligence do not rise to this level.

WHEREFORE Defendant Carnival Corporation respectfully requests this Court dismiss Plaintiff's complaint, and grant any other relief this Court deems just and proper.

    Respectfully submitted,

    MASE, LARA, P.A.
    *Attorneys for Defendant*
    2601 South Bayshore Drive, Suite 800
    Miami, Florida  33133
    Telephone:  (305) 377-3770
    Facsimile:   (305) 377-0080

    By:  /s/     Cameron Eubanks
    CURTIS J. MASE
    Florida Bar No. 478083
    cmase@maselara.com
    CAMERON W. EUBANKS
    Florida Bar No. 85865
    ceubanks@maselara.com
    CHRISTINE M. DIMITRIOU
    Florida Bar No. 99381
    cdimitriou@maselara.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2016, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    /s/     /s/ Cameron Eubanks
    CAMERON EUBANKS



CASE NO.: 16-CV-20331-JLK

**SERVICE LIST**

Philip M. Gerson, Esq.
Nicholas I Gerson, Esq.
Edward Schwartz, Esq.
Gerson & Schwartz, P.A.
1980 Coral Way
Miami, Florida  33145
Tel: (305) 371-6000
Fax: (305) 371-5749
pgerson@gslawusa.com
filing@gslawusa.com
ibrito@gslawusa.com
ngerson@gslawusa.com
eschwartz@gslawusa.com
*Attorneys for Plaintiffs*

18884/28