UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-CV-20331

H.S., a minor, by and through her
Parents, natural guardians and next friends,
    R.S. and L.S.

    Plaintiff(s),

    v.

CARNIVAL CORPORATION,
A Panamanian corporation,
MAX HARMON, an Ohio resident,
and JODEE C. EDWARDS, an Ohio resident,

    Defendant(s).
_____/

## DEFENDANT, MAX HARMON'S MOTION TO DISSMISS COMPLAINT

COMES NOW, Defendant, Max Harmon, by and through undersigned counsel, and files this Motion to Dismiss the Complaint, pursuant to Rules 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction, and in support thereof states:

### INTRODUCTION

1. On January 28, 2016, Plaintiff filed a Complaint in this Court against Defendant, Max Harmon. [DE 1].

2. Claims were also filed against Defendant, Carnival Corporation ("Carnival") and Defendant Jodee C. Edwards ("Edwards").

3. The Plaintiff claims that this court has *in personam* jurisdiction over Carnival because it conducts ongoing substantial and not isolated business activities in Miami-Dade County, Florida, [DE 1 ¶10].

4. The Plaintiff claims that the ticket contract required all fare paying passengers to bring any lawsuit *against Carnival,* arising out of injuries or events occurring on the cruise voyage, in this judicial federal district. [DE 1 ¶12]

5. The Plaintiff does not make any claim that this Court has *in personam* jurisdiction over Max Harmon.

6. The Plaintiff does not assert any allegations that would establish that this Court has *in personam* jurisdiction over Max Harmon.

7. The Plaintiff asserts that Max Harmon is a permanent resident of the state of Ohio. [DE 1, ¶6].

8. The Plaintiff is unable to establish *in personam* jurisdiction over Max Harmon in Florida, because:

   a. Max Harmon is a resident of the State of Ohio. (see Affidavit attached hereto as Exhibit "A", ¶3 ).
   b. Max Harmon has never lived in the State of Florida. (See Exhibit "A", ¶5).
   c. Max Harmon has never worked in the State of Florida. (See Exhibit "A", ¶6).
   d. Max Harmon does not conduct any business activities in the State of Florida. (See Exhibit "A", ¶7).
   e. Max Harmon has never conducted any business activities in the State of Florida. (See Exhibit "A", ¶8).
   f. Max Harmon does not own any property in the State of Florida. (See Exhibit "A", ¶9).
   g. Max Harmon has never contracted to insure any person, property, or risk located within the State of Florida. (See Exhibit "A", ¶10).
   h. Max Harmon was not served with process in the State of Florida. (DE 20, Return of Service).

9. Plaintiff fails to assert any allegations that would bring Max Harmon within the ambit of Florida's long arm statute, Fla. Stat. § 48.193. See *Venetian Salatni C.'o. v. Parthenair*, 554 So. 2d 499, 502 (Fla. 1989); see also *Suroor v. First Inv. Corp.*, 700 So. 2d 139, 140 (Fla. 5'CA 1997) ("It is the plaintiff's burden to plead facts which clearly establish the applicability of the long arm statute...If the jurisdictional allegations are not sufficient, the trial court lacks personal jurisdiction over the defendant.") (Internal citations omitted).

## MEMORANDUM OF LAW

To determine whether jurisdiction exists over a non-resident defendant, Florida courts apply a two part test: (1) the Court must first determine that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of Florida's Long-Arm Statute; and (2) if the action does fall within the ambit of Florida's long-arm statue, the Court must then determine whether the defendant has sufficient minimum contacts with Florida to satisfy due process concerns. *Garris v. Thomasville-Thomas County Humane Society, Inc.,* 941 So. 2d 540, 544 (Fla. 1st DCA 2006); see also *Venetian Salami Co. v. Parthenais,* 554 So. 2d 499, 502 (Fla. 1989). Only if both prongs of the analysis are satisfied may a Florida court exercise personal jurisdiction over a non-resident defendant. *Venetian Salami,* at 502 ("[t]he mere proof of any one of the several circumstances enumerated in section 48.193 [Florida's long-arm statute] as the basis for obtaining jurisdiction of nonresidents does not automatically satisfy the due process requirements of minimum contacts.")

A nonresident defendant may be subject to "specific" personal jurisdiction under

subsection 48.193(1) if the person commits any of the acts enumerated in the subsection within Florida and the cause of action arose from the act. *Farrell v. Royal Caribbean Cruises, Ltd.*, 11-24399-CV, 2013 WL 178367, at *3 (S.D. Fla. Jan. 4, 2013) (citing *NHB Advisors, Inc. v. Czyzyk*, 95 So. 3d 444, 448 (Fla. 4th DCA 2012)). Alternatively, a nonresident defendant may be subject to "general" personal jurisdiction under subsection 48.193(2) if he engages in "substantial and not isolated activity" within the state. *Id.* (citing *Russo v. Fink*, 87 So. 3d 815, 818 (Fla. 4th DCA 2012)).

The Florida long-arm statute provides:

(1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:

> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> 2. Committing a tortious act within this state.
> 3. Owning, using, possessing, or holding a mortgage or other lien on any real property within this state.
> 4. Contracting to insure a person, property, or risk located within this state at the time of contracting.
> 5. With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change

> the residency requirement for filing an action for dissolution of marriage.
> 6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
>> a. The defendant was engaged in solicitation or service activities within this state; or
>> b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.
> 7. Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
> 8. With respect to a proceeding for paternity, engaging in the act of sexual intercourse within this state with respect to which a child may have been conceived.
> 9. Entering into a contract that complies with s. 685.102.
>
> (b) Notwithstanding any provision of this subsection, a penalty or fine imposed by an agency of any other state shall not be enforceable against any person or entity incorporated or having its principal place of business in this state where such other state does not provide a mandatory right of review of such agency decision in a state court of competent jurisdiction.
>
> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Before a Court may exercise long-arm jurisdiction over a non-resident, the basis of jurisdiction must be alleged with specificity in the complaint. *Sunrise Assisted Living, Inc. v. Ward,* 719 So. 2d 1218 (Fla. 2nd DCA 1998). "[T]he person invoking jurisdiction under [the long-arm statute] has the burden to plead sufficient material facts to establish a

5

basis for the exercise of such jurisdiction." *Bloom v. A. H Pond Co., Inc.,* 519 F. Supp. 1162, 1168 (S.D. Fla. 1981) *citing Cosmopolitan Health Spa v. Health Industries,* 362 So. 2d 367 (Fla. 4th DCA 1978).

The Plaintiff alleged that Carnival, not Max Harmon, conducted ongoing and substantial and not isolated business activities in Florida, which subjected *Carnival* to *in personam* jurisdiction in Florida. The Plaintiff acknowledged that Max Harmon is a resident of Ohio. The Plaintiff did not make any claims that Max Harmon conducted "substantial and not isolated activity" within the state, which may subject him to general *in personam* jurisdiction in Florida.

Additionally, the Plaintiff did not plead any facts that would establish that Max Harmon committed any of the acts enumerated in subsection 48.193(1), in Florida. Therefore, Plaintiff failed to establish a prima facie showing of specific *in personam* jurisdiction over Max Harmon, in Florida.

## CONCLUSION

The Plaintiff failed to plead any facts that would establish a prima facie case of *in personam* jurisdiction over Max Harmon under Florida's long arm statute, Fla. Stat. §48.193. Having failed to allege a sufficient basis for jurisdiction under the statute, there is no basis for personal jurisdiction over Max Harmon and all claims against him must be dismissed.

Dated: May 2, 2016

                                       s/ Carri S. Leininger, Esq.
                                       Carri S. Leininger, Esq. (eService@wlclaw.com)
                                       Florida Bar No. 0861022

Jessica L. Saltz, Esq.
Florida Bar No. 92019
Attorney for Defendant Max Harmon
Williams, Leininger & Cosby, P.A.
11300 US Highway One, Suite 300
North Palm Beach, Florida 33408
Telephone No. (561)615-5666
Facsimile No. (561)615-9606

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 2, 2016, I electronically filed the foregoing document with the Clerk of Court using its CM/ECF system, and sent a copy via email to the parties listed below.

s/ Carri S. Leininger, Esq.
Florida Bar No. 0861022

**Service List**

Philip M. Gerson, Esq.
Nicholas I. Gerson, Esq.
Edward S. Schwartz, Esq.
**GERSON & SCHWARTZ, P.A.**
1980 Coral Way
Miami, FL 33145
person@gslawusa.com
filing@gslawusa.com
ibrito@gslawusa.com
ngerson@gslawusa.com
eschwartz@gslawusa.com
**Counsel for Plaintiff**

Richard Adams, Esq.
Joseph J. Goldberg, Esq.
Dennis J. Egitto, Esq.
**COLE, SCOTT & KISSANE, P.A.**
Two Datran Centre, Suite 1400
9150 So. Dadeland Blvd.

Miami, FL 33156
**Counsel for Defendant, Jodee C. Edwards**

Cameron W. Eubanks, Esq.
**MASE, LARA, P.A.**
2601 South Bayshore Dr., Suite 800
Miami, FL 33133
ceubanks@maselara.com
rcoakley@maselara.com
filing@maselara.com
**Counsel for Carnival Corporation**

8