UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-20331-CIV-KING

H.S., a minor, by and through her parents,
natural guardians and next friends, R.S. and
L.S.,

      Plaintiff,

vs.

CARNIVAL CORPORATION, MAX HARMON,
And JODEE C. EDWARDS,

      Defendants.
_____/

## ORDER GRANTING MOTIONS TO DISMISS

**THIS MATTER** comes before the Court upon Defendant CARNIVAL CORPORATION's Motion to Dismiss Plaintiff's Complaint (DE 10), filed March 7, 2016, and Defendant MAX HARMON's Motion to Dismiss Complaint (DE 25), filed May 2, 2016.[1] The Court heard oral argument on Carnival's motion on April 6, 2016.

Plaintiff H.S.'s five-count Complaint (DE 1) alleges claims against Defendants Carnival Corporation ("Carnival"), Max Harmon, and Jodee C. Edwards relating to injuries she suffered while she was a passenger aboard Carnival's *Pride*. With respect to Carnival, the Complaint alleges claims for negligence (Count I), fraud in the inducement (Count II), and fraud by concealment (Count III). With respect to Harmon, the Complaint alleges a

---

[1] The Court has additionally considered Plaintiff's Response to Motion to Dismiss Complaint by Defendant Carnival Corporation (DE 10), filed March 24, 2016, and Defendant's Reply in Support of Motion to Dismiss Plaintiff's Complaint (DE 15), filed March 31, 2016. Plaintiff failed to respond to Defendant Max Harmon's motion to dismiss, and the time to do so has passed.

1

single claim for negligent entrustment (Count IV). The remaining count against Edwards is not presently at issue before the Court.[2]

## I. BACKGROUND[3]

In January of 2014, Plaintiff was a ticketed passenger aboard the Carnival *Pride* with her mother, L.S. The *Pride* contains a teen nightclub, known as "Club O2," which, through its website, Carnival represents is suitable, intended, and designated for use by adolescents in the specific age range of fifteen- to seventeen-years old. Through its Youth Program Registration Guidelines, Carnival represented: the activities in its youth programming, including Club O2 activities, would be "supervised" and "age appropriate[;]" patrons of the Club O2 facility were free to come and go from the facility without a sign-in or sign-out requirement; Smoking, consuming alcohol, and unruly behavior are all prohibited in Club O2; and passengers must be twenty-one years old to purchase or drink alcoholic beverages.

At the time of cruise, Plaintiff was fourteen years old. Her mother investigated the youth programming aboard the ship and found that the programming designated for children of Plaintiff's age would be unsuitable for Plaintiff's entertainment. After reviewing the representations on Carnival's website and Youth Program Registration Guidelines; interviewing the director of the Club O2 program, disclosing Plaintiff's age to him, and obtaining the director's approval; her mother registered Plaintiff for the Club O2 program.

On the night of January 31, 2015, Plaintiff attended a youth event at Club O2. At the event, Plaintiff was persuaded by two minor passengers, K.M.A. and E.H.,[4] to accompany

---

[2] Jodee Edwards has not yet answered or otherwise responded to the Complaint, and the record does not reflect that she has been served.

[3] The information contained in this section comes from Plaintiffs' Complaint in this action. On a motion to dismiss, the Court accepts non-conclusory allegations as true and views them in the light most favorable to the Plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009).

2

them to E.H.'s stateroom, which he was sharing with his nineteen-year-old brother, Defendant Harmon. While Defendant Harmon was not in the room that evening, he had previously given E.H. access to a supply of alcohol that he had concealed in the room.

Plaintiff, E.H., and K.M.A. consumed alcohol in the stateroom, Plaintiff became "highly intoxicated," and E.H. and K.M.A. "engaged in sexual activity with [Plaintiff], including vaginal intercourse between E.H. and [Plaintiff]." The Complaint concludes that the sexual activity between Plaintiff, E.H., and K.M.A. amounted to sexual assault due to Plaintiff's age and state of intoxication.

Based on these facts, the Complaint alleges, *inter alia*, 1) Carnival's negligence was the proximate cause of Plaintiff's injuries sustained in the sexual assault, 2) Carnival fraudulently induced Plaintiff to participate in the Club 02 programming through knowing, intentional, and material misrepresentations about the safety and age-appropriateness of the Club 02 program, 3) Carnival fraudulently concealed the frequency of instances of sexual assaults and misconduct aboard its ships, and 4) Harmon negligently entrusted E.H. with alcohol.

## II.   LEGAL STANDARD ON MOTION TO DISMISS

Defendant's Motion to Dismiss alleges that the Complaint fails federal pleading standards and should be dismissed, under Rule 12 of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12. Rule 8 requires that a complaint include a "short and plain statement" demonstrating that the claimant is entitled to relief. Fed R. Civ. P. 8. To survive a Rule 12(b)(6) motion, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl.*

---

[4] The exact ages of K.M.A. and E.H. are not stated in the Complaint.

3

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). As a corollary, allegations absent supporting facts are not entitled to this presumption of veracity. *Id.* at 681.

When evaluating a motion to dismiss, the Court must take all of the well-pled factual allegations as true. *Id.* at 664. However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 663. And, the Court's duty to accept the factual allegations in the complaint as true does not require it to ignore specific factual details "in favor of general or conclusory allegations." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). The Court must dismiss a complaint that does not present a plausible claim demonstrating entitlement to relief.

### III. DISCUSSION

In its motion, Carnival argues Plaintiff's negligence claim should be dismissed because the Complaint fails to allege the breach of a duty that Carnival owed to Plaintiff. Additionally, Carnival seeks the dismissal of Plaintiff's fraudulent misrepresentation and concealment claims for failure to state a claim, or, alternatively, to plead facts constituting the alleged fraud with the requisite particularity required for fraud claims. With respect to her negligence claim, Plaintiff responds that the Complaint adequately alleges Carnival breached its duty of reasonable care by: 1) failing to enforce its alcohol consumption policies and preventing Defendant Harmon from possessing alcoholic beverages while on board and 2) failing to adequately supervise the minor passengers present in Club O2. With respect to her

4

fraud claims, Plaintiff responds that the allegations of the Complaint are more than adequate to satisfy the particularity requirements of fraud claims.

In his motion, Harmon argues that Plaintiff's negligent entrustment claim against him should be dismissed for failure to allege facts establishing this Court's personal jurisdiction over him. Plaintiff filed no response to Harmon's motion, and the time to do so has passed.

The Court will address each count in turn.

### A. Negligence

Claims based on alleged torts committed aboard cruise ships sailing in navigable waters are governed by general maritime law. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959). Under general maritime law, a shipowner owes its passengers reasonable care under the circumstances. *Id.* To state a negligence claim, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012).

While it provides sufficient factual detail concerning what befell Plaintiff on the night at issue, the Complaint falters where it purports to allege facts establishing the breach of a duty owed by Carnival to Plaintiff. The Complaint alleges Plaintiff voluntarily left an area which was supervised by Carnival personnel for the purpose of visiting the stateroom of a fellow minor passenger, where, tragically, she was given alcohol and then sexually assaulted. However, beyond a litany of conclusory allegations, the Complaint does not allege any *facts* which would tend to establish that Carnival violated a duty of care under these circumstances.

Indeed, there was no unruly behavior, smoking, or drinking alcohol in Club 02, Carnival did not serve Plaintiff alcohol or observe Plaintiff consuming alcohol, the Complaint alleges no facts the existence of which should have alerted Carnival or its crew that Plaintiff was in danger when she left Club 02, and minor passengers were free to come and go from Club 02. Accordingly, as the Court is unable to discern any factual allegations that would tend to establish Carnival breached a duty of care, Plaintiff's negligence claim against Carnival must be dismissed with leave to amend and plead facts which support this claim.

### B. Fraud in the Inducement

To properly plead a fraud claim, Plaintiff must allege: "(1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation." *Alvarez v. Royal Caribbean Cruises Ltd.*, 905 F. Supp. 2d 1334, 1342 (S.D. Fla. 2012). Furthermore, Rule 9 of the Federal Rules of Civil Procedure requires that plaintiffs plead the circumstances constituting fraud with particularity. Fed. R. Civ. P. 9.

Plaintiff's fraud in the inducement claim is grounded on the alleged misrepresentation by Carnival that Club 02 was alcohol-free, no unruly behavior would be permitted in Club 02, and that the teen programming was otherwise "age appropriate, professionally supervised, and safe." However, as noted in the previous section, the Complaint alleges no facts which would tend to establish that these alleged representations were false. Accordingly, Plaintiff's claim for fraudulent misrepresentation must be dismissed with leave to amend and plead facts which support this claim.

### C. Fraudulent Concealment

Plaintiff's fraudulent concealment claim is grounded on Carnival's alleged knowledge and deliberate concealment of the fact that sexual assaults against passengers are a recurring problem on its ships. Indeed, Plaintiff alleges that Carnival's "marketing campaigns" and "other representations" falsely state that cruising is "safe" and that sexual assaults are "uncommon." However, the Complaint does not allege the time or place these allegations were made.

Upon consideration, it is plain that these allegations are insufficient to meet the particularity requirements for pleading fraud claims. Therefore, Plaintiff's claim for fraudulent concealment must be dismissed with leave to amend and plead facts which support this claim.

### D. Negligent Entrustment

With respect to the negligent entrustment claim, the only issue pending before the Court is whether personal jurisdiction exists over Defendant Max Harmon. According to the Complaint, Harmon is a resident of Ohio, but there are no allegations that he ever conducted substantial and not isolated activity within the state of Florida or that he committed any of the acts enumerated in Florida's long arm statute, 48.193(1), Fla. Stat. As the Complaint fails to set forth the basis for this Court's jurisdiction over Defendant Harmon, the negligent entrustment claim must also be dismissed with leave to amend.

## IV. CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED**, and **DECREED**:

1. Defendant CARNIVAL CORPORATION's Motion to Dismiss Plaintiff's Complaint **(DE 10)** be, and the same is, hereby **GRANTED**;

2. Defendant MAX HARMON's Motion to Dismiss Plaintiff's Complaint **(DE 25)** be, and the same is, hereby **GRANTED**; and

3. the Complaint **(DE 1)** be, and the same is, hereby **DISMISSED WITHOUT PREJUDICE**. Should Plaintiff elect to do so, she may file an amended complaint which contains sufficient factual allegations to support her claims within **twenty (20) days** of the date of this order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 3rd day of June, 2016.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Cc: All Counsel of Record**