UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-20331-JLK

H.S., a minor, by and through her
Parents, natural guardians and next
Friends, R.S. and L.S.,

    Plaintiffs,

vs.

CARNIVAL CORPORATION,
A Panamanian Corporation,
MAX HARMON, an Ohio Resident,
And JODEE C. EDWARDS, an
Ohio Resident,

    Defendants.
_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Carnival Corporation ("Carnival") moves to dismiss Plaintiff's amended complaint, and states:

**Introduction**

Plaintiff, a then 14 year old, cruised with her parents onboard the Carnival *Pride*. During her cruise, Plaintiff attended activities in the teen nightclub where she met two other minors. At some point, Plaintiff voluntarily left the teen nightclub as she was free to do and consensually returned to the cabin of one of the minors. Plaintiff alleges that she was given alcohol in the cabin, and ultimately sexually assaulted. Plaintiff claims that Carnival is liable for her injuries.

Plaintiff's original complaint was dismissed in its entirety as it failed to state claims upon which relief can be granted. Plaintiff's amended complaint contains the same problems. In particular, Plaintiff's negligence claim contends that Carnival "undertook" to supervise and deter



"unruly behavior" in the teen nightclub and that Carnival was on notice of the risk-creating condition here due to inappropriate touching that occurred in the teen nightclub. Plaintiff contends that the assailants were "emboldened" to assault Plaintiff in their cabin after Carnival failed to intervene to stop the touching at the teen nightclub. These allegations still fail to allege Carnival's negligence.

Plaintiff's fraud claims are left almost unchanged from the original complaint that was dismissed. Plaintiff argues that Carnival fraudulently induced her to cruise at it represented that its youth programming was age-appropriate and that "unruly behavior" was not tolerated. Plaintiff's fraudulent concealment claim still vaguely alleges that Carnival's marketing materials and trade association statements falsely state that cruising is safe. These statements are far too generalized to allege fraud. In the end, Plaintiff's amended complaint must still be dismissed; this time with prejudice.

## Memorandum of Law

**1.     Motion to dismiss standard.**

Dismissal for failure to state a claim is warranted "when it appears that the plaintiff has little or no chance of success, *i.e.*, when the complaint on its face makes clearly baseless allegations or relies on legal theories that are indisputably meritless." *Aruanno v. Martin County Sheriff*, 343 F. App'x 535, 536 (11th Cir. 2009). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face in order to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009). The Court can dismiss a complaint with prejudice after the plaintiff has previously been given at least one chance to amend. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

**2.     Plaintiff cannot state a claim for negligence.**

General maritime law applies to cases that allege torts committed aboard cruise ships sailing in navigable waters. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959). Under general maritime law, a shipowner owes its passengers reasonable care under the circumstances. *Id*. It is well-established that a cruise line is not liable to passengers as an insurer; there must be some failure to exercise due care before liability can be imposed. *Monteleone v. Bahama Cruise Line, Inc.*, 838 F.2d 63, 64 (2d Cir. 1988). To establish negligence, the passenger has the burden to prove: (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012).

As a prerequisite to the imposition of liability, the cruise line must have had actual or constructive notice of the risk-creating condition. *Everett v. Carnival Cruise Lines*, 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1321 (11th Cir. 1989). When the danger is a criminal act carried out by a fellow passenger, the cruise line is only liable for the intervening criminal act if they are foreseeable. *Doe v. NCL (Bahamas) Ltd.*, 2012 WL 5512347 (S.D. Fla. Nov. 14, 2012).

Plaintiff's original negligence claim did not allege any facts demonstrating that any unusual behavior occurred in any of the public areas of the vessel such that Plaintiff's assault was foreseeable. Instead, Plaintiff freely entered the assailant's cabin prior to the alleged sexual assault. This Court held that the complaint failed to allege any facts tending to demonstrate Carnival breached its duty of care. [ECF No. 30]. Plaintiff now alleges that the minor assailants and Plaintiff engaged in inappropriate sexual touching within the teen nightclub on the night of

the alleged assault and the previous night. [ECF No. 33]. Plaintiff contends that, due to Carnival's failure to intervene in the touching earlier in the cruise, the minor assailants "were emboldened to escalate the sexual activity in which they were engaging with H.S." [ECF No. 33 ¶ 36].

Plaintiff's amended complaint still fails to allege that Plaintiff's assault was the foreseeable result of any negligence on Carnival's part. Indeed, Plaintiff alleges that no Carnival crewmembers witnessed the touching, but that they should have. *Compare Doe v. Royal Caribbean Cruises, Ltd.*, 2011 WL 6727959 (S.D. Fla. Dec. 21, 2011) (passenger stated a claim for negligence where crewmembers witnessed the assailant attempt to force her into a public restroom prior to assault). Instead, Plaintiff primarily contends that K.M.A.'s sexual inappropriate touching with H.S. the previous day somehow placed Carnival on notice that she would be the victim of sexual assault the following evening. Plaintiff's allegations of the night in question are unremarkable. She alleges that the minors engaged in physical contact, including "K.M.A.'s placing his hands between H.S.'s legs and head on H.S.'s lap, and E.H. placing his arm around H.S. and tickling her." [ECF No. 33 ¶ 35]. This allegation does not establish that an impending sexual assault would occur the next day.

In the end, Plaintiff's negligence claim essentially seeks to make Carnival strictly liable as the insurer of her safety. Plaintiff's complaint sets up that because Carnival sought to prevent "unruly behavior" in teen nightclub, it is therefore liable for any injury befalling any of the participants anywhere on the vessel. Allowing Plaintiff to state a claim that Carnival somehow "emboldened" the minor assailants to sexually assault her because it did not prevent alleged inappropriate touching and tickling earlier in the cruise sets a dangerous precedent. But Carnival

is required to act with reasonable care; Plaintiff's allegations do not establish otherwise. Plaintiff's negligence claim should be dismissed with prejudice.

3. **Plaintiff's fraud in the inducement and fraudulent concealment claims fail as a matter of law.**

   a. Fraud in the inducement

Plaintiff centrally contends that Carnival falsely represented that its teen nightclub was supervised, age-appropriate, tobacco and alcohol free, and that Carnival would prevent "unruly behavior." The Youth Program Registration form indicates that "unruly behavior" includes "biting, fighting, hitting, throwing, kicking, foul language, verbal or physical bullying, [or] bringing or consuming alcohol & tobacco." [ECF No. 1-5]. Plaintiff now posits that because she alleges inappropriate touching occurred in the teen nightclub, Carnival's representations were fraudulent. Plaintiff's claim should still be dismissed.

To properly plead a fraud claim, Plaintiff must allege: "(1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation." *Alvarez v. Royal Caribbean Cruises Ltd.*, 905 F. Supp. 2d 1334, 1342 (S.D. Fla. 2012). It is well-established that a fraud claim must be pled with sufficient particularity under Rule 9. *Id*. "The 'particularity' requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *West Coast Roofing & Waterproofing, Inc. v. Johns Manvilie, Inc.,* 287 F. App'x 81, 86 (11th Cir. 2008) (citations omitted). "When a plaintiff does not specifically plead the minimum elements of their allegation, it enables them to learn the complaint's bare essentials

through discovery and may needlessly harm a defendant's goodwill and reputation by bringing a suit that is, at best, missing some of its core underpinnings, and, at worst, [grounded on] baseless allegations used to extract settlements." *Gayou v. Celebrity Cruises, Inc.*, 2012 WL 2049431, *3 (S.D. Fla. 2012).

A number of fatal problems remain in Plaintiff's fraudulent inducement claim. Certain of the alleged misstatements are irrelevant to this case, including those involving alcohol and tobacco use in the teen nightclub. Further, Plaintiff alleges that Carnival's crewmember informed her mother that he would not allow "inappropriate behavior, including sexual contact" in the teen nightclub. [ECF No. 33 ¶50]. No detail regarding these representations is alleged in the amended complaint. Critically, Plaintiff does not allege that she was injured as a result of the supposed inappropriate behavior in the teen nightclub. Instead, she alleges that the minor assailants sexually assaulted her in the cabin after they were "emboldened" by the alleged lack of supervision in the teen nightclub. There are no allegations that Carnival's crewmember made any representations to Plaintiff or her mother regarding a sexual assault risk on the vessel. Like her negligence claim, Plaintiff seeks to hold Carnival strictly liable for her alleged sexual assault through her fraudulent inducement claim. Her claim is still defective and should be dismissed.

    b.    <u>Fraudulent concealment</u>

Plaintiff's fraudulent concealment claim was virtually unchanged in the amended complaint; it is still subject to dismissal. Plaintiff alleges a fraudulent concealment because Carnival supposedly "knew that sexual assault and harassment, both against its passengers in general and minor passengers in particular, was a serious and recurring problem" and that Carnival "knowingly and deliberately concealed the true risk and incidence of sexual assault[.]" [ECF No. 33 ¶64]. Plaintiff's claim does not meet the particularity requirement to plead fraud on

this basis, and the supposed risk is simply the generalized risk of crime on the ship. *Burdeaux v. Royal Caribbean Cruises, Ltd.*, 2012 WL 3202948, *6 (S.D. Fla. Aug. 3, 2012) *aff'd* 562 F. App'x 932 (11th Cir. 2012). Plaintiff alleges that Carnival "marketing campaigns" and "other representations" falsely state that cruising is "safe" and that sexual assault was "uncommon[.]" [*Id*.]. Plaintiff also claims that Carnival makes these same representations through a trade organization. [ECF No. 33 ¶65].

Plaintiff does not identify these supposed representations in any detail, nor when and how they were made, and the substance of them—safety—is non-specific. *Heyden v. Celebrity Cruises, Inc.*, 2013 WL 773477, *5 (S.D. Fla. Feb. 28, 2013) (dismissing misrepresentation claim where cruise line stated that a shore excursion was the "finest" and with "great care" and "you're in good hands."); *McLaren v. Celebrity Cruises, Inc.*, 2012 WL 1792632 (S.D. Fla. May 16, 2012). Statements mentioning that cruising is "safe" are undoubtedly non-actionable sales talk and puffery. *Alvarez*, 905 F. Supp. 2d at 1342. Indeed, the policy underlying the heightened pleading requirements for fraud seeks to prevent these very types of claims from advancing beyond this stage of litigation. Plaintiff attempts to portray Carnival (and all the other cruise lines) as engaging in "a coordinated disinformation campaign concerning the true risks" of cruising. [ECF No. 33 ¶65]. These are serious allegations, but Plaintiff fails to support them with the requisite detail. Plaintiff's fraud claims should be dismissed.

Plaintiff does not particularly plead the time and place of the supposed misrepresentations regarding the safety of Carnival's vessels, when the specific statements were made upon which she and her parents supposedly relied, or when they reviewed them. *McLaren v. Celebrity Cruises, Inc.*, 2012 WL 1792632 (S.D. Fla. May 16, 2012). Further, it is undisputed that the general "cruising is safe" statements which she claims are fraudulent are non-actionable. Indeed,

in *Heyden v. Celebrity Cruises, Inc.*, 2013 WL 773477 (S.D. Fla. Feb. 28, 2013), this Court dismissed a misrepresentation claim where a cruise passenger claimed that the cruise line's "shore excursion talks" misrepresented that a scooter tour was the "finest" and taken with "great care" and that the passenger was "in good hands." *Id*. The Court held that the non-specific allegations do not meet the Rule 9 pleading standard. Similarly, this Court in *Alvarez v. Royal Caribbean Cruises, Ltd.*, 905 F. Supp. 2d 1334 (S.D. Fla. 2012), dismissed a fraud claim that alleged the cruise line misrepresented the "quality of the luxury cruise vacation" as insufficiently particular.

Not only that, but statements made through a trade association do not amount to fraud on Carnival's part. The Eleventh Circuit's opinion in *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010), is particularly instructive on the issues here. In *Am. Dental*, the court held that allegations that various dental insurance companies "engaged in a systematic, fraudulent scheme to diminish payments" to dentists were insufficiently particular or plausible to state claims under the Racketeer Influenced and Corrupt Organizations Act. *Id*. at 1286. Just like Plaintiff here, the dentists asserted that a conspiracy was established because all the dental insurance companies participated in trade associations and professional groups. *Id*. at 1295. The Eleventh Circuit rejected this argument, noting that "participation in trade organizations provides no indication of conspiracy." *Id*. "A trade association by its nature involves collective action by competitors. Nonetheless, a trade association is not by its nature a walking conspiracy[.]") (citing *Consol. Metal Prods., Inc. v. Am. Petroleum Inst.*, 846 F.2d 284, 293 (5th Cir. 1988)).

The same result should occur here. Plaintiff's fraudulent concealment claim should be dismissed.

**4.      Plaintiff cannot pursue punitive damages on her negligence claim.[1]**

Plaintiff cannot pursue punitive damages based on her negligence claim. Under general maritime law, the Eleventh Circuit has defined the circumstances and scope under which passengers can recover punitive damages in a personal injury action. *In re Amtrak*, 121 F. 3d at 1421. Passengers can recover punitive damages only after a showing of intentional misconduct. *Amtrak*, 121 F.3d at 1428.

*Amtrak* involved a train derailment caused by a collision with a vessel, which resulted in deaths over state territorial waters. The district court held that Alabama's wrongful death law permitting punitive damages on a finding of negligence could supplement those damages allowed under maritime law. The Eleventh Circuit reversed, finding that application of Alabama's wrongful death statute conflicted with general maritime law. Specifically, the *Amtrak* court found:

> personal injury claimants have no claim for nonpecuniary damages such as a loss of society, loss of consortium or punitive damages, except in exceptional circumstances such as . . . [the] very rare situations of intentional wrongdoing. We are aware of no decision in the Supreme Court or in any of the circuit courts which has authorized punitive damages in a personal injury case.

*Id*. (extending its holding in *Lollie v. Brown Marine Serv. Inc.*, 1993 AMC 2947, 995 F. 2d 1565 (11th Cir. 1993). The *Amtrak* decision defines the standard for the recovery of punitive damages for passenger personal injury cases by requiring a finding of intentional wrongdoing.

The Supreme Court's decision in *Atl. Sounding v. Townsend*, 129 S. Ct. 2561 (2009), involving the narrow issue of seamen's entitlement to punitive damages for a vessel owner's failure to pay maintenance and cure, does nothing to change the binding nature of *Amtrak*. Nor

---

[1] Plaintiff seeks punitive damages under her fraud claims against Carnival, but they should be dismissed as explained in this motion to dismiss.

MASELARA
TRIAL LAWYERS

does *Atlantic Sounding* address the standard for the recovery of punitive damages for passenger personal injury claims under general maritime law.

In *Atl. Sounding*, a seaman sought to recover punitive damages against a shipowner for an alleged arbitrary and willful failure to pay maintenance and cure. *Atl. Sounding*, 557 U.S. at 408. Without mentioning *Amtrak*, the Eleventh Circuit Court relied on its prior decision in *Hines v. J.A. LaPorte, Inc*., 820 F.2d 1187, 1189 (11th Cir. 1987), to hold that punitive damages were available in an action for maintenance and cure. *Atl. Sounding*, 557 U.S. at 408. The Supreme Court affirmed that decision. *Id*. The Court noted that punitive damages had long been available to a seaman for a maintenance and cure claim, and that nothing in the Jones Act or any other statute changed that. *Id*.

The *Atl. Sounding* decision does not overrule the Eleventh Circuit's opinion in *Amtrak*, especially since the Eleventh Circuit authored both *Amtrak* and the underlying appellate opinion in *Atl. Sounding*. *See also Norwegian Cruise Lines, Ltd. v. Zareno*, 712 So. 2d 791, 794 (Fla. Dist. Ct. App. 1998) (allowing punitive damages in the maintenance and cure context by following *Amtrak* based on Eleventh Circuit's prior opinion in *Hines*). The Supreme Court addresses only the availability of punitive damages in the maintenance and cure context—the only issue before it. As such, it provides no basis for this Court to depart from the binding rule in this Circuit that punitive damages for passenger personal injury claims in maritime law are available only upon a showing of intentional conduct. Further, the *en banc* Fifth Circuit recently reaffirmed that general maritime law does not allow for the recovery of punitive damages post-*Atl. Sounding*. *See McBride v. Estis Well Service, L.L.C*., 768 F.3d 382 (5th Cir. 2014). Punitive damages are unavailable to Plaintiff as a matter of law.

Even assuming Plaintiff could pursue punitive damages as a matter of law, she has not sufficiently pled entitlement to such damages. Plaintiff pleads a typical negligence claim against Carnival; this is insufficient to support punitive damages. The "character of negligence necessary to sustain an award of punitive damages must be of 'a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects.'" *Boney v. Carnival Corp.*, 2009 WL 4039886, *2 (S.D. Fla. Nov. 20, 2009) (*quoting Chrysler Corp. v. Wolmer*, 499 So.2d 823, 824 (Fla. 1986)). There are no allegations of such wanton, willful conduct to support punitive damages under Plaintiff's negligence claim.

Carnival Corporation respectfully requests this Court dismiss Plaintiff's complaint with prejudice, and grant any other relief this Court deems just and proper.

Respectfully submitted,

MASE, LARA, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, Florida  33133
Telephone:  (305) 377-3770
Facsimile:   (305) 377-0080

By:     /s/      Cameron Eubanks
CURTIS J. MASE
Florida Bar No. 478083
cmase@maselara.com
CAMERON W. EUBANKS
Florida Bar No. 85865
ceubanks@maselara.com
CHRISTINE M. DIMITRIOU
Florida Bar No. 99381
cdimitriou@maselara.com

CASE NO.: 16-CV-20331-JLK

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2016, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/      /s/ Cameron Eubanks
CAMERON EUBANKS

## SERVICE LIST

Philip M. Gerson, Esq.
Nicholas I Gerson, Esq.
Edward Schwartz, Esq.
Gerson & Schwartz, P.A.
1980 Coral Way
Miami, Florida  33145
Tel: (305) 371-6000
Fax: (305) 371-5749
pgerson@gslawusa.com
filing@gslawusa.com
ibrito@gslawusa.com
ngerson@gslawusa.com
eschwartz@gslawusa.com
*Attorneys for Plaintiffs*

18884/117