UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-20331-JLK

H.S., a minor, by and through her
Parents, natural guardians and next
Friends, R.S. and L.S.,

    Plaintiffs,

vs.

CARNIVAL CORPORATION,
A Panamanian Corporation,
MAX HARMON, an Ohio Resident,
And JODEE C. EDWARDS, an
Ohio Resident,

    Defendants.
_____/

### DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

    Defendant Carnival Corporation ("Carnival") replies in support of its motion to dismiss Plaintiff's amended complaint, and states:

### Argument in Reply

**1.    Plaintiff's negligence claim should be dismissed.**

    Plaintiff's response in opposition to Carnival's motion to dismiss confirms the fatal defects that exist in her negligence claim. In particular, Plaintiff contends that Carnival undertook to prevent "unruly behavior" in its teen nightclub such that it is somehow ultimately liable for her alleged sexual assault after leaving the teen nightclub to voluntarily return to the cabin of another passenger. Indeed, Plaintiff does not allege that the purported negligent supervision or security in the teen nightclub was the proximate or direct cause of her injury.



CASE NO.: 16-CV-20331-JLK

Instead, Plaintiff argues that Carnival's alleged negligence was "causally connected" to the ultimate sexual assault because the assailants "continu[ed] and escalat[ed] their sexual activity with H.S." [ECF No. 38, p. 4]. Plaintiff relies on no authority for such a theory of negligence where a plaintiff is injured by a third-party criminal act. As the specific risk-creating condition here was a third-party criminal act, the ultimately analysis turns upon whether the sexual assault was foreseeable to Carnival. *Meyers v. Ramada Hotel Operating Co., Inc.*, 833 F.2d 1521 (11th Cir. 1987). There are no such allegations here; Plaintiff instead contends that Carnival somehow emboldened passengers to commit a crime in the future.

Plaintiff makes much ado about the alleged lack of supervision in the teen nightclub area, but she does not contend that her damages proximately flow from the supposed "sexual activity" in the teen nightclub. Her complaint in paragraphs 38 through 40 confirms that she seeks damages stemming from the alleged sexual assault that occurred in the assailant's cabin later that night:

> 38. After H.S. became intoxicated, K.M.A. and E.H. engaged in further escalated sexual activity with her, including oral sex and vaginal intercourse between E.H. and H.S.
>
> 39. Due to H.S.'s age and her state of intoxication at the time of the sexual assaults referred to in the preceding paragraph, she was unable to provide valid consent to sexual intercourse or other sexual behaviors, so all sexual contact with her in the stateroom constituted sexual assault and/or battery.
>
> 40. As a direct and proximate result of the sexual assault and battery referred to above, minor H.S. was injured[.]

[ECF No. 33, ¶¶38-40]. In sum, the allegations of Carnival's negligence are far too attenuated and divorced from the ultimate injury to Plaintiff, occurring once she voluntarily decided to enter the stateroom of another passenger. This Court should dismiss Plaintiff's negligence claim with

2

MASELARA
TRIAL LAWYERS

prejudice as she has already been given one chance to amend her complaint. *Birdette v. Saxon Mortg.*, 502 F. App'x 839 (11th Cir. 2012).

**2.      Plaintiff's fraud claims should be dismissed.**

Plaintiff's amended complaint asserts a fraudulent inducement claim in count II and a fraudulent concealment claim in count III. Plaintiff's response to the motion to dismiss omits any discussion of why her count III for fraudulent concealment should not be dismissed. As fully outlined in the motion to dismiss, Plaintiff did virtually nothing to amend this count. It still fails to state a claim upon which relief can be granted and should be dismissed.

Turning to Plaintiff's count II for fraudulent inducement, the claim still fails as well for much of the same reasons as Plaintiff's negligence claim. All of Carnival's allegedly fraudulent misrepresentations to Plaintiff and her mother were regarding the safety and supervision in the teen nightclub. But Plaintiff was not injured in the teen nightclub and the subject sexual assault did not occur there. Plaintiff claims that she was only injured after Carnival's alleged lack of supervision emboldened the other minor assailants to assault her once she left the teen nightclub. Plaintiff's fraudulent inducement claim does not relate to her injury and no alleged misrepresentations relate to the alleged sexual assault in the cabin. Instead, Plaintiff contends that because Carnival allegedly misrepresented the supervision in the teen nightclub, it is essentially strictly liable for any injury that befell her after leaving the teen nightclub.

**3.      Plaintiff cannot pursue punitive damages on her negligence claim.**

Plaintiff contends that *Atl. Sounding Co., Inc. v. Townsend*, 557 U.S. 404 (2009), lessened a plaintiff's burden to just a showing of "wanton, willful, or outrageous conduct, citing *Lobegeiger v. Celebrity Cruises, Inc.*, 2011 WL 3703329 (S.D. Fla. Aug. 23, 2011) and *Doe v. Royal Caribbean Cruises*, Ltd., 2012 WL 920675 (S.D. Fla. Mar. 19, 2012). Recent cases

interpreting *Atl. Sounding* confirm that Plaintiff reads it too broadly, and her reliance on orders such as the ones issued in *Doe* and in *Lobegeiger* is misplaced.

In *Atl. Sounding*, the Supreme Court affirmed an Eleventh Circuit panel decision holding that punitive damages were available to a seaman in a maintenance and cure claim. The underlying Eleventh Circuit opinion relied on a prior panel decision, *Hines v. J.A. LaPorte, Inc.*, 820 F.2d 1187 (11th Cir. 1987), to arrive at the conclusion that punitive damages were available in the maintenance and cure context. *Atl. Sounding* did not address, limit, or otherwise recede from *In re Amtrak*. *Atl. Sounding* cannot be broadly interpreted as allowing for passengers to assert punitive damage claims based simply on willful, wanton, or outrageous conduct.

The *en banc* Fifth Circuit in *McBride v. Estis Well Serv., LLC*, 768 F.3d 382 (5th Cir. 2014), recently confirmed that the *Atl. Sounding* decision applied only in the maintenance and cure context, and did not otherwise expand the scope of punitive damages allowable under general maritime law. The *McBride* court determined that a seaman could not recover punitive damages pursuant to the Jones Act or an unseaworthiness claim despite *Atl. Sounding*. *McBride* noted that the *Atl. Sounding* court was careful to distinguish maintenance and cure claims from others arising under general maritime law; the opinion could not be broadly applied. Other Courts within this District have also narrowly applied *Atl. Sounding* and maintained the intentional misconduct standard. *Terry v. Carnival Corp.*, 3 F. Supp. 3d 1363, 1371-72 (S.D. Fla. 2014); *Crusan v. Carnival Corp.*, 13-cv-20592 (S.D. Fla. Feb. 24, 2015); *Bonnell v. Carnival Corp.*, 13-cv-22265 (S.D. Fla. Oct. 23, 2014). This Court should follow these orders. In sum, the intentional misconduct standard still defines the scope of punitive damages available to cruise passengers after *Atl. Sounding*. Plaintiff's allegations of negligence do not rise to this level.

CASE NO.: 16-CV-20331-JLK

Carnival Corporation respectfully requests this Court dismiss Plaintiff's complaint with prejudice, and grant any other relief this Court deems just and proper.

        Respectfully submitted,

        MASE, LARA, P.A.
        *Attorneys for Defendant*
        2601 South Bayshore Drive, Suite 800
        Miami, Florida  33133
        Telephone:  (305) 377-3770
        Facsimile:   (305) 377-0080

By:   /s/     Cameron Eubanks
        CURTIS J. MASE
        Florida Bar No. 478083
        cmase@maselara.com
        CAMERON W. EUBANKS
        Florida Bar No. 85865
        ceubanks@maselara.com
        CHRISTINE M. DIMITRIOU
        Florida Bar No. 99381
        cdimitriou@maselara.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2016, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        /s/   /s/ Cameron Eubanks
        CAMERON EUBANKS

5



CASE NO.: 16-CV-20331-JLK

## SERVICE LIST

Philip M. Gerson, Esq.
Nicholas I Gerson, Esq.
Edward Schwartz, Esq.
Gerson & Schwartz, P.A.
1980 Coral Way
Miami, Florida  33145
Tel: (305) 371-6000
Fax: (305) 371-5749
pgerson@gslawusa.com
filing@gslawusa.com
ibrito@gslawusa.com
ngerson@gslawusa.com
eschwartz@gslawusa.com
*Attorneys for Plaintiffs*

18884/146