UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-20331-CIV-KING

H.S., a minor, by and through her parents,
natural guardians and next friends, R.S. and
L.S.,

    Plaintiff,

vs.

CARNIVAL CORPORATION, MAX HARMON,
and JODEE C. EDWARDS,

    Defendants.
_____/

## ORDER OF DISMISSAL WITH PREJUDICE AS TO COUNTS I, II, AND III

**THIS MATTER** comes before the Court upon Defendant CARNIVAL CORPORATION's Motion to Dismiss Plaintiff's Amended Complaint (DE 36). The Court has additionally considered Plaintiff's Response to Motion to Dismiss Amended Complaint (DE 38) and Defendant's Reply in Support of Motion to Dismiss Plaintiff's Amended Complaint (DE 39).

Plaintiff H.S.'s four-count Amended Complaint (the "Complaint") (DE 33) alleges claims against Defendants Carnival Corporation ("Carnival") and Jodee C. Edwards relating to injuries she suffered while she was a passenger aboard Carnival's *Pride*. With respect to Defendant Carnival, the Complaint alleges claims for negligence (Count I), fraud in the inducement (Count II), and fraud by concealment (Count III). The remaining count against Defendant Edwards is not presently at issue before the Court.

1

## I.     BACKGROUND[1]

In January of 2015, Plaintiff was a ticketed passenger aboard the Carnival *Pride* with her mother, L.S. The *Pride* contains a teen nightclub, known as "Club O2," which, through its website, Carnival represents is suitable, intended, and designated for use by adolescents in the specific age range of fifteen- to seventeen-years old. Through its Youth Program Registration Guidelines, Carnival represented: the activities in its youth programming, including Club O2 activities, would be "supervised" and "age appropriate[;]" patrons of the Club O2 facility were free to come and go from the facility without a sign-in or sign-out requirement; smoking, consuming alcohol, and unruly behavior are all prohibited in Club O2; and passengers must be twenty-one years old to purchase or drink alcoholic beverages.

At the time of cruise, Plaintiff was fourteen years old. Her mother investigated the youth programming aboard the ship and found that the programming designated for children of Plaintiff's age would be unsuitable for Plaintiff's entertainment. After reviewing the representations on Carnival's website and Youth Program Registration Guidelines; interviewing the director of the Club O2 program, disclosing Plaintiff's age to him, and obtaining the director's approval; her mother registered Plaintiff for the Club O2 program.

On the nights of January 30 and 31, 2015, Plaintiff attended youth events at Club O2. At each event, while in Club O2, Plaintiff "engaged in various forms of physical contact and[/or] sexual activity" with two other minor passengers, K.M.A. and E.H.[2] DE 33 at ¶¶ 31, 35. On both occasions, "neither [the director of the Club O2 program] or any other adult

---

[1] The information contained in this section comes from Plaintiffs' Amended Complaint in this action. On a motion to dismiss, the Court accepts non-conclusory allegations as true and views them in the light most favorable to the Plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009).

[2] The Complaint does not suggest this contact and activity was non-consensual.

2

supervisor or Carnival crewmember was present on the Club 02 premises." *Id.* at ¶ 34. Immediately following the event on January 31, 2015, K.M.A. and E.H. persuaded Plaintiff to accompany them to E.H.'s stateroom, which he was sharing with his nineteen-year-old brother. While E.H.'s brother was not in the room that evening, he had previously given E.H. access to a supply of alcohol that he had concealed in the room.

Plaintiff, E.H., and K.M.A. consumed alcohol in E.H.'s stateroom, Plaintiff became "highly intoxicated," and E.H. and K.M.A. "engaged in sexual activity with [Plaintiff], including vaginal intercourse between E.H. and [Plaintiff]." The Complaint concludes that the sexual activity between Plaintiff, E.H., and K.M.A. amounted to sexual assault due to Plaintiff's age and state of intoxication, and the "failure of any adult supervisor or crewmember to [stop] the sexual activity in [Club 02] on January 30, 2015 and January 31, 2015 . . . emboldened [K.M.A. and E.H.] to escalate the sexual activity in which they were engaging with H.S." *Id.* at ¶ 36.

Based on these facts, the Complaint alleges, *inter alia*, 1) Carnival's negligence was the proximate cause of Plaintiff's injuries sustained in the sexual assault, 2) Carnival fraudulently induced Plaintiff to participate in the Club 02 programming through knowing, intentional, and material misrepresentations about the safety and age-appropriateness of the Club 02 program, and 3) Carnival fraudulently concealed the frequency of instances of sexual assaults and misconduct aboard its ships.

## II.   LEGAL STANDARD ON MOTION TO DISMISS

Defendant's Motion to Dismiss alleges that the Complaint fails federal pleading standards and should be dismissed, under Rule 12 of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12. Rule 8

requires that a complaint include a "short and plain statement" demonstrating that the claimant is entitled to relief. Fed R. Civ. P. 8. To survive a Rule 12(b)(6) motion, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). As a corollary, allegations absent supporting facts are not entitled to this presumption of veracity. *Id.* at 681.

When evaluating a motion to dismiss, the Court must take all of the well-pled factual allegations as true. *Id.* at 664. However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 663. And, the Court's duty to accept the factual allegations in the complaint as true does not require it to ignore specific factual details "in favor of general or conclusory allegations." *Griffin Indus., Inc. v. Irvin,* 496 F.3d 1189, 1205-06 (11th Cir. 2007). The Court must dismiss a complaint that does not present a plausible claim demonstrating entitlement to relief.

### III. DISCUSSION

In its motion, Carnival argues Plaintiff's negligence claim should be dismissed because the Complaint fails to show Plaintiff's injury was the foreseeable result of any negligence on Carnival's part. Additionally, Carnival seeks the dismissal of Plaintiff's fraudulent misrepresentation and concealment claims for failure to state a claim, or, alternatively, to plead facts constituting the alleged fraud with the requisite particularity required for fraud claims. With respect to her negligence claim, Plaintiff responds that the Complaint adequately alleges Carnival breached its duty of reasonable care by failing to

adequately provide supervision in Club O2 and failing to prevent unruly behavior in Club O2. With respect to her fraudulent inducement claim, Plaintiff responds that the allegations of the Complaint are more than adequate to satisfy the particularity requirements of fraud claims. With respect to her fraudulent concealment claim, Plaintiff makes no response at all.

### A. Negligence

Claims based on alleged torts committed aboard cruise ships sailing in navigable waters are governed by general maritime law. *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959). Under general maritime law, a shipowner owes its passengers reasonable care under the circumstances. *Id.* "A carrier by sea, however, is not liable to passengers as an insurer, but only for its [own] negligence." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1334 (11th Cir. 1984) (citing *Kermarec*, 358 U.S. at 632). To state a negligence claim, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). Additionally, with respect to the causation element, where an intervening criminal act is the cause of a plaintiff's injury, carriers may only be liable in negligence where the intervening criminal act was foreseeable. *Bullock v. Tamiami Trail Tours, Inc.*, 266 F.2d 326, 331 (5th Cir. 1959).

While the Complaint, as amended, provides additional factual detail concerning what befell Plaintiff on the night at issue, the Complaint falters where it purports to allege facts plausibly showing the breach of duty was the proximate cause of Plaintiff's injury, or that the criminal act by which Plaintiff was harmed was foreseeable based upon what Carnival

5

observed or should have observed. The Complaint alleges "unruly behavior," in the form of consensual physical contact and sexual activity between H.S., K.M.A., and/or E.H., occurred in Club 02 immediately preceding Plaintiff's injury in E.H.'s stateroom. The Complaint further alleges the touching and activity in Club 02 should have been prevented by the adult supervision that should have been present in Club 02. For the sake of simplicity, the Court will operate under the assumption that Carnival should have observed anything that went on between Plaintiff, E.H., and K.M.A. in any public area of the ship.

At the pleading stage, these allegations are sufficient to establish the breach of Carnival's duty of supervision of the activities in Club 02, which Carnival voluntarily undertook by its representations to the parents of minors participating in Club 02 activities. However, the injury for which Plaintiff seeks damages is not the result of the physical contact and sexual activity which occurred inside Club 02 or in any other public area of the ship. Plaintiff seeks to hold Carnival liable for the injuries she allegedly suffered after she left Club 02, went to another passenger's stateroom, *and* after an intervening criminal act.

It is a leap too far to infer that Carnival's failure to supervise and prevent minors from engaging in consensual touching and sexual activity in a public area of the ship proximately caused a subsequent sexual assault in a private area of the ship, or that the assault was foreseeable based on what Carnival should have observed. By way of contrast, in *Doe v. Royal Caribbean Cruises, Ltd.*, a division of this Court denied a motion to dismiss where the complaint alleged crewmembers saw the plaintiff passenger "staggering through the vessel in an obvious state of intoxication and repeatedly rebuffing attempts by her assailant to get her to enter the men's bathroom" before she was sexually assaulted in a men's bathroom. No. 11-23323-CIV-GOODMAN, 2011 WL 6727959, at *4 (S.D. Fla. Dec. 21, 2011). The Court

6

concluded the allegations of what defendant "*actually observed* could plausibly put a reasonable defendant on notice of the impending danger to the plaintiff." *Id.* (emphasis in original).[3] The facts of the case before the undersigned are materially different from those confronted by the Court in *Doe*, but Magistrate Judge Goodman's well-reasoned opinion informs the analysis this Court must undertake.

In the instant case, Plaintiff's allegations are that she voluntarily left Club O2 (the area for which Carnival undertook a duty of supervision), as she was permitted to do, and then voluntarily visited E.H.'s stateroom where she became intoxicated and was sexually assaulted. These facts neither support an inference of proximate causation between Carnival's alleged breach and Plaintiff's injury, nor the foreseeability of a sexual assault in the stateroom. To hold otherwise would be to hold Carnival strictly liable for Plaintiff's injuries. Carnival was under no duty to prevent Plaintiff from visiting another passenger's stateroom, and nothing Carnival should have observed could have reasonably put it on notice of an impending danger to Plaintiff, as was the case in *Doe*. Accordingly, factual allegations of the Complaint fail to state a cause of action, and Plaintiff's negligence claim against Carnival will be dismissed with prejudice.

### B. Fraud in the Inducement

To properly plead a fraud claim, Plaintiff must allege: "(1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation." *Alvarez v.*

---

[3] As noted previously, this Court draws no distinction between what was *actually* observed, and what *should have been* observed.

7

*Royal Caribbean Cruises Ltd.*, 905 F. Supp. 2d 1334, 1342 (S.D. Fla. 2012). Furthermore, Rule 9 of the Federal Rules of Civil Procedure requires that plaintiffs plead the circumstances constituting fraud with particularity. Fed. R. Civ. P. 9.

Plaintiff's fraud in the inducement claim is grounded on the alleged misrepresentation by Carnival that Club 02 was alcohol-free, no unruly behavior would be permitted in Club 02, and that the teen programming was otherwise "age appropriate, professionally supervised, and safe." The Complaint appears to adequately allege these were misrepresentations which were knowingly made, however, in keeping with the reasoning of Part III.A., the Complaint fails to allege an injury which is the consequence of reliance on the alleged misrepresentations. Plaintiff was not injured due to the lack of supervision, or by the unruly behavior, in Club 02. The allegations show Plaintiff was injured by a temporally and spatially distinct, intervening criminal act. Accordingly, Plaintiff's fraud in the inducement claim will be dismissed with prejudice.

### C. Fraudulent Concealment

Plaintiff's fraudulent concealment claim is grounded on Carnival's alleged knowledge and deliberate concealment of the fact that sexual assaults against passengers are a recurring problem on its ships. Indeed, the Complaint alleges that Carnival's "marketing campaigns" and "other representations" falsely state that cruising is "safe" and that sexual assaults are "uncommon." However, the Complaint does not allege the time or place these allegations were made, and Plaintiff failed to respond in any way to Defendant's argument that the fraudulent concealment claim should be dismissed.

Upon consideration, it is plain that these allegations are insufficient to meet the particularity requirements for pleading fraud claims, and, moreover, Plaintiff has effectively

conceded this claim should be dismissed by failing to respond to Defendant's argument in favor of dismissal. *See* S.D. Fla. L.R. 7.1(c). As Plaintiff has failed to adequately state a claim for fraudulent concealment for a second time, the fraudulent concealment claim will be dismissed with prejudice.

## IV. CONCLUSION

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendant CARNIVAL CORPORATION's Motion to Dismiss Plaintiff's Amended Complaint **(DE 36)** be, and the same is, hereby **GRANTED,** and Counts I, II, and III of the Amended Complaint **(DE 33)** be, and the same are, hereby **DISMISSED WITH PREJUDICE.**

By separate Order, the Court shall enter a Scheduling Order which shall set deadlines for the completion of discovery and motion practice, and dates for the pretrial conference and trial, for Count IV, which remains pending against Defendant Edwards.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 4th day of November, 2016.

*/s/ James Lawrence King*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Cc: All Counsel of Record**